IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thelma Louise Chapman, | ) | C/A No.: 4:07-2868-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On April 8, 2010, the Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the Defendant in this action was not substantially justified.  Defendant filed a response on June 10, 2010 in which he contends that Plaintiff's request for attorney fees should be denied because the government's position was substantially justified in the case. Defendant also argues that certain fees paid to attorneys not admitted to practice before this Court should not be awarded. Defendant has subsequently withdrawn this second argument.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap.  Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

1

The standard to be applied in determining whether the Commissioner was "substantially justified" in terminating social security benefits, for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).  In this case, this Court reversed the Commissioner's decision pursuant to 42 U.S.C. 405(g), and remanded the case for further administrative proceedings.  While the reversal of an agency decision for lack of substantial evidence does not raise a presumption that the agency was not substantially justified, this court believes on the record before it that an award of attorney's fees is appropriate.

Additionally, Defendant objects to any attorney fees awarded by the Court being made payable to Plaintiff's counsel.  Defendant asserts that EAJA fees are payable to Plaintiff, not Plaintiff's counsel. Plaintiff's counsel asks that any fees be paid directly to counsel. After careful review and consideration, this Court finds Defendant's position to be persuasive.  See Douglas v. Astrue, 2011 WL 30990, 2 (D.S.C. 2011).

In Astrue v. Ratliff, the Supreme Court held that the EAJA requires attorneys' fees be awarded directly to the litigant. 130 S.Ct. 2521 (2010) (holding that the plain text of the EAJA requires that attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); see also Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir.2009) (same). Thus, absent legal authority to the contrary, the court concludes that attorneys' fees in the present case must be awarded to Plaintiff, not the attorney.

Based on the foregoing and after considering the briefs and materials submitted by the parties, the court overrules the Defendant's response opposing the Plaintiff's motion for attorneys fees.  The

2

Court directs the Defendant to pay Plaintiff the sum of $5,487.43 in attorney fees, as requested by

Plaintiff's counsel.  Although the check for the fees must be payable to the order of the Plaintiff, the

check itself should be mailed directly to Plaintiff's attorney.

       **IT IS SO ORDERED**.

                        s/ Terry L. Wooten
                        Terry L. Wooten
                        United States District Judge

September 22, 2011
Florence, South Carolina